**Joseph P. RUTH, Appellant,**

v.

**UTAH CONSTRUCTION & MINING CO., Appellee.**

**No. 7899.**

United States Court of Appeals Tenth Circuit.

April 28, 1965.

Joseph P. Ruth, pro se.

David R. Phipps, Denver, Colo. (Welborn, Dufford & Cook and Robert F. Welborn, Denver, Colo., were with him on the brief), for appellee.

Before MURRAH, Chief Judge, and LEWIS and SETH, Circuit Judges.

PER CURIAM.

This appeal, presented by Joseph P. Ruth pro se, seeks to set aside an order of the District Court for the District of Colorado dismissing with prejudice a complaint filed by Ruth wherein he sought damages for an alleged infringement of a patent by appellee-defendant. The order of dismissal was premised upon a stipulation which provided:

> "That the Plaintiff herein hereby stipulates that in the event that the finding of invalidity of the patent in suit in Civil Action No. 6679 is affirmed upon exhaustion of Plaintiff's rights of appeal, then this matter, Civil Action No. 7669, will be dismissed."

Civil Action No. 6679, referred to in the stipulation, was a suit filed by Ruth against Blue River Constructors and involved the validity of the Ruth patent. The District Court for the District of Colorado determined in Blue River that the Ruth patent was invalid. Ruth v. Blue River Constructors, 224 F.Supp. 717. At the time the subject stipulation was executed an appeal to this Court was pending in Blue River. The appeal was voluntarily dismissed upon motion and at the personal insistence of Ruth who was dissatisfied with the record on appeal and the services of his attorneys. The subsequent finality of the judgment in Blue River triggered the order of dismissal entered in the case at bar.

The trial court properly determined that the present parties' agreement should be enforced if the instrument of stipulation was genuine and bore the signatures of Ruth, his attorneys, and the attorneys for defendant. Ruth denied the genuineness of his purported signature, testifying that he had signed an agreement to dismiss the case at bar only if the invalidity of his patent was adjudicated by this Court. Other signators to the stipulation testified directly to the contrary. The issue of fact so created was determined by the trial court adversely to Ruth and thus presents to this Court only the issue of whether such finding is clearly erroneous. Since the credibility of witnesses is a function peculiarly and properly for the trial court we cannot disturb the finding. Rule 52 (a), Fed.R.Civ.P.

Other matters presented by appellant in his brief and argument are either outside the record or otherwise beyond the power of this Court to consider.

The judgment is affirmed.